**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@KRInternetLaw.com
Liana W. Chen (Bar No. 296965)
liana@KRInternetLaw.com
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANTO REMEDIO, LLC dba DR. JUAN'S SANTO REMEDIO**, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**ONESHOT IP HOLDINGS, INC.**, a Nevada corporation;<br>**LIMITLESS PERFORMANCE INC.**, a California corporation;<br>**EMBLAZE ONE INC.**, a Nevada corporation;<br>**JASPREET MATHUR**, an individual; and<br>**JOHN DOES 1–50**,<br><br>Defendants. | Case No. 2:21-cv-03766<br><br>**COMPLAINT FOR:**<br><br>1. **FALSE ADVERTISEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. §1125; AND**<br>2. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Santo Remedio, LLC dba Dr. Juan's Santo Remedio ("Plaintiff"), by and through undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff owns intellectual property rights in connection with its dietary supplement business, including exclusive rights to use the marks SANTO REMEDIO, DR. JUAN RIVERA, DR. JUAN, and Santo Remedio's logo (collectively, "Marks"), as well as the name and likeness of its co-owner, the internationally known medical expert, author, and popular television host, Dr. Juan Rivera ("Dr. Juan"). Defendants created a scheme to willfully capitalize on Plaintiff's Marks and reputation, including in the name and photographs of Dr. Juan, to lure consumers into ordering competitive dietary supplement "OneShot Keto" products ("Unlawful Products") on the deceptive and false premise that they are endorsed or sold by Plaintiff or Dr. Juan, thus causing Plaintiff irreparable harm necessitating an injunction.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §1125(a), and 28 U.S.C. §§1331, 1338(a)–(b).

3. Venue is proper pursuant to 28 U.S.C. §1391 because this is a district in which a substantial part of the events or omissions giving rise to the claims occurred and/or in which Defendants may be found.

4. The Court has personal jurisdiction over Defendants because a substantial part of the events or omissions giving rise to the claims occurred, and/or Defendants have principal places of business or reside, in California.

## PARTIES

5. Plaintiff Santo Remedio, LLC dba Dr. Juan's Santo Remedio is a Florida limited liability company with sales throughout the country and with a principal place of business in Florida. Dr. Juan is a co-owner of Plaintiff and an internationally known physician, author, and leading expert in the field

of cardiovascular diseases, wellness, diet, and exercise.

6. On information and belief, Defendant OneShot IP Holdings, Inc. is a Nevada corporation with a principal place of business in this District, or at all relevant times doing continuous and systematic business within this District, and the owner and/or registrant of one or more websites that market and sell the Unlawful Products using Plaintiff's intellectual property.

7. On information and belief, Defendant Limitless Performance Inc. is a California corporation with a principal place of business in Los Angeles, California and the owner and/or controller of the marketing and/or sales of the Unlawful Products that use Plaintiff's intellectual property.

8. On information and belief, Defendant Emblaze One Inc. is a Nevada corporation with a principal place of business in Los Angeles County, California (and with foreign entity registration in California) and the owner and/or controller of the marketing and/or sales of the Unlawful Products that use Plaintiff's intellectual property; and it is the applicant for the "OneShot Keto" mark (U.S. Patent and Trademark Office Serial No. 90260476), which it uses to market and sell the Unlawful Products.

9. On information and belief, Defendant Jaspreet Mathur resides in Los Angeles, California and is the owner and officer of multiple interconnected companies, including Defendants OneShot IP Holdings, Inc., Limitless Performance Inc., and Emblaze One Inc., as well as Smilz (a full spectrum CBD brand launched in connection with Floyd Mayweather). On information and belief, Defendant Mathur personally and materially controlled or had the ability to control, participated in, profited from, and ratified, the misconduct alleged in this Complaint.

10. Plaintiff does not know the true names and capacities, whether individual, associate, corporate, or otherwise, of Defendants sued herein as John Does 1–50, and Plaintiff sues those Defendants by fictitious names.

11. Plaintiff will amend this Complaint to state the true names and capacities of Defendants once they have been discovered. Plaintiff is informed and believes, and on that basis alleges, that Defendants sued herein by fictitious names are in some way liable and responsible to Plaintiff based on the facts herein alleged.

12. On information and belief, all Defendants, and each of them, were the agents, joint venturers, partners, alter egos, and/or employees of the other, and in doing the acts alleged in this Complaint, were acting within the course and scope of their duties, with the permission and consent of the other Defendant(s), and each other Defendant(s) having ratified the acts of the other. Moreover, on information and belief, each of the Defendants are the alter egos of each other, having a unity of interest in ownership and control such that any individuality and separateness has ceased.

## FACTUAL ALLEGATIONS

### Plaintiff's Intellectual Property

13. Plaintiff sells dietary supplement and nutritional plan products, including on its website https://misantoremedio.com/, which among other things, highlights Plaintiff's intellectual property rights in the Marks and name "Dr. Juan's Santo Remedio," as shown by the banner on Plaintiff' website:



14. Dr. Juan is a co-owner and founder of Santo Remedio and one of the leading medical experts in his field, especially in the Hispanic community throughout the United States. He is a board certified internist and cardiologist with specialization in the prevention, early detection, and treatment of cardiovascular diseases. He is also a bestselling author and trusted medical expert for Univision and a leading authority on wellness, diet, exercise, stress, sleep patterns, and the prevention of heart attacks. In

particular, nearly a decade ago, Dr. Juan began as the Chief Medical Correspondent of Univision, where he created numerous campaigns for the betterment of the health and wellness of the Hispanic community; and he has routinely been featured by the media for his experience and expertise, including on Despierta America (an American Spanish language morning television show on Univision), and has been nominated for a Daytime Emmy Award for Outstanding Entertainment Program in Spanish. Dr. Juan's Facebook page is also verified and has 2.6 million followers:



15. In connection with its business, Plaintiff uses the name, photographs, videos, and likeness of its co-owner Dr. Juan, as shown by the limited examples below taken from Plaintiff's website:

 

16. Further, in connection with its business, Plaintiff has the license and rights to use and enforce the registered trademark SANTO REMEDIO (U.S. Patent and Trademark Office Reg. No. 6223630) and the common law marks in its logo, DR. JUAN RIVERA, and DR. JUAN (i.e., the Marks) in connection with dietary supplements for human beings and animals, probiotic supplements, vitamin supplements, food supplements, and

homeopathic supplements marketed and sold throughout the country.

17. Plaintiff has been using the Marks in commerce throughout the United States and internationally in connection with its business since 2020, including by advertising, displaying, and selling Plaintiff's products in connection with the Marks, including on its website and on social media.

**Defendants' Ongoing Unlawful Conduct**

18. Starting in early 2021, Defendants have perpetrated and ratified a widespread infringement scheme whereby they advertise and sell their competitive Unlawful Products using Plaintiff's Marks, as well as use the name, image, and likeness of Dr. Juan, throughout numerous websites and social media pages, including on Facebook, Twitter, YouTube, and Amazon.

19. For example, Defendants' infringement scheme includes the below screenshots and links that are still active, showing the copying of Plaintiff's website (including the banner with Plaintiff's Marks) along with images of Dr. Juan next to the Unlawful Products, the use of "OneShot Keto Dr. Juan Rivera™" to advertise the Unlawful Products, and inclusion of Plaintiff's Marks next to the "OneShot Keto" name in Facebook page titles:









- https://www.facebook.com/One.Shot.Keto.Dr.Juan.Rivera
- https://www.facebook.com/One-Shot-Keto-Dr-Juan-Rivera-101162515389319/?ref=py_c
- https://www.cuandobuscaspaz.com/

20. Defendants have used numerous repetitive and deceptive websites, advertisements, social media pages/posts, and accounts, including through their likely network of affiliate marketers, to advertise and sell the Unlawful Products, including under the brand names "OneShot Keto" and "Limitless One Shot Keto," to direct consumers to Defendants' websites and Unlawful Products. Non-exhaustive examples of Defendants' website/ad links used to market and sell the Unlawful Products are listed in the attached **Exhibit A** (at different times, new links pop up and others go inactive).

21. As outlined by the Federal Trade Commission ("FTC"), dishonest affiliate marketing occurs where product owners hire marketers to promote products, such as on social media, and these marketers make misleading claims get people to click on an ad. Product owners can also hire networks of affiliate marketers, often referred to as affiliate ad networks, which connect merchants to marketers and may negotiate terms. If consumers click on an affiliate link published by the affiliate marketer, they are redirected to product owners' websites where they make a purchase, and the marketer and network both get paid.[1]

22. Similar to fake Oprah, fake Dr. Oz, and other fraudulent celebrity testimonials that have been litigated in federal court[2], Defendants are falsely and deceptively claiming that a famous physician, Dr. Juan, endorsed the Unlawful Products, which are health and wellness products about which a famous doctor's endorsement is meaningful to consumers. In other words, Defendants are falsely claiming the Unlawful Products are associated with Plaintiff, the Marks, and Dr. Juan and thus profiting from Plaintiff's goodwill and willfully deceiving consumers, many of whom are Hispanic, do not speak English as a first language, and/or are a vulnerable population.

23. In fact, Defendants' misconduct alarmingly promises consumers, including in California, that Plaintiff and/or Dr. Juan—a reputable and popular expert in his field—have endorsed the Unlawful Products, including by falsely

---

[1] *See e.g., What's Affiliate Marketing? Should I care?*, FTC Blog Post (Sept. 20, 2017), *available at* https://www.consumer.ftc.gov/blog/2017/09/whats-affiliate-marketing-should-i-care.

[2] *See e.g., Oz. v. FWM Laboratories, Inc.* 1:09-cv-07297-DAB (S.D.N.Y.), and similar Attorney General and federal government actions, *People v. Crush, LLC*, Case No. 09CH29100 (Cir. Ct. Ill.) (claiming defendants unlawfully used pictures and fake endorsements of celebrities such as Oprah Winfrey and Dr. Oz to sell weight loss products), and *FTC v. Central Coast Nutra. Inc.*, Case No. 10C4931 (E.D. Ill.) (claiming fake Oprah and Rachel Ray endorsements were deceptive acts or practices in violation of the FTC Act).

claiming, for example, that "One Shot Keto Dr Juan Rivera" can help "people who suffer from countless diseases such as stress, heart disease, high BP, cholesterol, and etc." The infringing ads and sites also contain purported testimonials of consumers losing significant weight fast without dieting or exercise, in direct violation of FTC guidelines. Other online ads for the Unlawful Products claim they are "FDA Approved"; and hidden terms on Defendants' websites indicate that they are deceptively charging consumers for automatically renewing subscriptions.[3]

24. Specifically, when unsuspecting consumers click on the links for the Unlawful Products, they are redirected to websites(s), such as the sites below[4], where Defendants sell their Unlawful Products:

- https://theoneshot-keto.com/offer/oneshotketo/v2_promo/?uid=1ec00693-c1f2-4eba-8aa7-34adc8822dd1
- https://theoneshot-keto.com/offer/oneshotketo/v2_promo/?uid=09fbe5c1-b9a7-49b5-8dcf-e99e7772d98b
- https://theoneshot-keto.com/offer/oneshotketo/v2_t2/?uid=0403f7af-0f55-4c4c-8e20-173afff7de9f
- https://theoneshot-keto.com/offer/oneshotketo/v2_promo/?uid=49af88a4-f8dd-4867-9667-cb525ae7dbc0
- https://tryoneshot-keto.com/offer/oneshotketo/v7_2s/?uid=20e4b330-d3b3-4f8b-ab2b-7de2bf1cb268

---

[3] Defendants have also falsely claimed that the "Shark Tank" investors have endorsed their Unlawful Products.

[4] These sites are moving targets with certain links inactive at different times.

- https://the-advancedketo.com/offer/ketoadv/v3/?uid=6df8e715-aad2-47d0-a21c-1d22712ed666

25. Defendants have been repeatedly notified of their misconduct yet continue to publish new infringing webpages and ads to market and sell the Unlawful Products. Moreover, while Defendants have tried to cover their tracks, including by redirecting consumers through several websites and using private WHOIS registrations for domain names, consumers are ultimately redirected to the same website(s) where Defendants sell their Unlawful Products.

26. Defendants' infringement of Plaintiff's Marks, as well as other unlawful and unfair conduct, have all severely damaged Plaintiff's goodwill and sales, resulting in numerous consumers contacting Plaintiff and Dr. Juan to express actual confusion between Defendants and the Unlawful Products, on the one hand, and Plaintiff and its Marks, on the other hand.

27. Neither Plaintiff nor Dr. Juan have any affiliation with, nor have they ever endorsed, the "OneShot Keto" Defendants or Unlawful Products.

## Continuing Damages

28. Defendants continue to infringe upon Plaintiff's Marks and to willfully divert Plaintiff's customers; and on information and belief, Defendants are still manufacturing, advertising, shipping, offering, selling, and/or distributing the Unlawful Products throughout the United States and within this District in what is believed to be a multi-million-dollar scheme.

29. Further, on information and belief, Defendants' misconduct has harmed and continues to harm the public, including by having a significant adverse impact on California consumers purchasing the Unlawful Products, and including through ads on Facebook, which is based in California.

30. Although Plaintiff has spent significant time and expense to try to remove Defendants' unlawful websites and ads, and certain content has been

removed by website hosts and social media platforms, Defendants continue to generate new infringing and unlawful websites and ads. Thus, unless restrained, Defendants' conduct will continue to cause great and irreparable injury to Plaintiff, leaving Plaintiff with no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

## (False Advertisement in Violation of 15 U.S.C. §1125(a))

## Against All Defendants

31. Plaintiff repeats and incorporates by reference all of the allegations set forth above.

32. Defendants' conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A)–(B).

33. Since at least 2020, Plaintiff has owned and used the Marks in commerce, including throughout the United States and this District, in connection with and as source identifiers for Plaintiff's goods and services. As a result, Plaintiff has established trademark rights in the Marks.

34. Since early 2021, Defendants have, in connection with their competitive Unlawful Products, used Plaintiff's Marks or variations thereof, false designation of origin, false or misleading description of facts, and/or false or misleading representations of fact that are likely to cause, and have caused, confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person.

35. Defendants have used Plaintiff's Marks and variations thereof, including on Defendants' websites, social media pages, and advertisements, without Plaintiff's consent or authority, in connection with Defendants' marketing and sales of the Unlawful Products, which constitutes infringement of Plaintiff's registered and common law trademark rights and misappropriates Plaintiff's valuable goodwill in the Marks.

36. Defendants made false representations of fact across state borders in connection with their commercial advertising or promotion of Defendants' Unlawful Products, services, or commercial activities.

37. By engaging in the above-described activities, Defendants have made, or knowingly conspired and agreed to be made, false or misleading representations of fact, which were material. For example, Defendants' websites, social media pages, and advertisements claim that a reputable and widely known physician and company, "Dr. Juan's Santo Remedio" and "Dr. Juan Rivera™," market and sell the Unlawful Products, which is false; and consumers and Plaintiff's customers have been misled by the false claims.

38. At all relevant times, Defendants' conduct has been willful and intentional. In fact, Defendants have been notified and are aware of Plaintiff's use of and rights in the Marks and yet have continued to copy and profit from using Plaintiff's Marks and variations thereof, along with Dr. Juan's name and likeness, to sell the Unlawful Products, which are substantially similar goods as those sold by Plaintiff in connection with Plaintiff's Marks.

39. As a direct and proximate result of the actions and conduct of Defendants, Plaintiff has been damaged and will continue to be damaged unless Defendants' conduct is enjoined by this Court.

40. Plaintiff is entitled to injunctive relief against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, damages in an amount to be proven at trial, statutory penalties, disgorgement of Defendants' profits, and costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### (Unfair Competition in Violation of Cal. Bus. & Prof. Code §17200)
### Against All Defendants

41. Plaintiff repeats and incorporates by reference all of the allegations set forth above.

42. Defendants have committed acts of unfair competition. In particular, Defendants violated, and continue to violate, California Business and Professions Code §§17200 et seq. by masquerading as Plaintiff and pretending to be sponsored by and affiliated with Plaintiff and Dr. Juan.

43. Defendants committed "unlawful" business acts and practices by violating the Lanham Act, 15 U.S.C. §1125(a), misappropriating the name, image, and likeness of Dr. Juan, violating the FTC Act, 15 U.S.C. §§45 et seq., and related rules and guidelines, violating state consumer protection, advertising, and deceptive practices acts, including California's False Advertising Law, Cal. Bus. & Prof. Code §17500, and Consumer Legal Remedies Act, Cal. Civ. Code §1750, and violating the right of publicity of Dr. Juan, including under common law and statutes, see Cal. Civ. Code §3344.

44. Defendants committed "unfair" business acts and practices by engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and the public, including residents in California, and by engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the public, including by imitating Plaintiff, using Plaintiff's Marks, and pretending to be sponsored by and affiliated with Plaintiff and Dr. Juan to sell competitive "OneShot Keto" Unlawful Products to unknowing consumers.

45. As a direct and proximate result of the actions and conduct of Defendants, Plaintiff has suffered injury in fact and has lost money and property, and Defendants' misrepresentations and misconduct are a material reason that consumers purchased Defendants' Unlawful Products instead of Plaintiff's products, resulting in the loss of Plaintiff's goodwill and profits.

46. Defendants' unlawful and unfair conduct is ongoing and continues to this date. In light of the above, Plaintiff is entitled to an injunction restraining Defendants from engaging in further unlawful conduct as well as restitution.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants and award the following relief to Plaintiff and against Defendants:

1. A permanent injunction requiring Defendants to cease using Plaintiff's Marks in connection with the Unlawful Products;
2. Compensatory damages in an amount to be proved at trial;
3. Restitution and disgorgement of Defendants' wrongful gains in an amount to be proved at trial;
4. The costs of the suit;
5. Plaintiff's attorney's fees;
6. Interest on the sum of the compensatory damages and restitution; and
7. Such other relief as the Court may deem proper.

Respectfully Submitted,

DATED: May 4, 2021　　　　　　　　**KRONENBERGER ROSENFELD, LLP**


By:　s/ Karl S. Kronenberger
　　　　Karl S. Kronenberger

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

DATED: May 4, 2021              **KRONENBERGER ROSENFELD, LLP**


By:   s/ Karl S. Kronenberger
          Karl S. Kronenberger

Attorneys for Plaintiff